EDWARD GROUT and another, Administrators, etc., Respondents, *v.* MARY J. COOPER, Appellant.

*Striking out material allegations from complaint — demurrer to such complaint because wanting such allegations — costs.*

Upon defendant's motion, certain allegations of the complaint were stricken out as immaterial; subsequently defendant demurred to the complaint on the ground that it was defective in not containing the allegations which had been stricken out, which demurrer was overruled by the Special Term, on the ground that defendant was estopped from alleging the materiality of that which had been stricken out. *Held*, that the order overruling the demurrer should be reversed, with costs to abide the event, and that plaintiff have leave to amend the complaint.

Appeal from an order overruling a demurrer to the complaint.

*E. H. Benn*, for the appellant.

*Edward S. Clinch*, for the respondents.

Brady, J.:

This action was commenced to recover the rents and profits of certain real estate which was held adversely to plaintiffs' intestate. There is no allegation in the complaint that the intestate ever obtained possession of the premises in any form. The defendant for this reason insists that this action cannot be maintained, and in that he is right. It is not necessary to cite the authorities to prove it. It is substantially conceded also by the plaintiffs, and there is therefore really no difference between the respective counsel on that subject. It appeared, however, upon the argument, that the complaint did contain an averment, that, in an action of ejectment brought by the heirs of Francis Grout, the intestate, the Superior

Court had adjudged that he became entitled to the immediate possession, as the owner in fee simple of one-sixth part of the real estate described in the complaint, and the rents, issues, and profits thereof, but it was stricken out as irrelevant or immaterial upon the defendant's application. The motion therefor, it was stated upon the argument, passed against the plaintiffs by default. If that allegation were in the complaint, the point taken by the defendant could not be sustained, and the case on appeal therefore, uniting the admissions made in open court with the points printed and the complaint, presents the anomaly of a successful motion to strike out an essential allegation of the complaint, and, seemingly, to prepare it for a demurrer.

This may not have been the design of the motion, but it is the effect, and this proceeding impressed the learned justice at Special Term as one from which the defendant should derive no advantage. It affects us in the same way. There is no precedent for it that we know of, and the practice, even if unpremeditated in its effects, is to be condemned. The defendant should be estopped in such a case from assailing the paper which he has weakened by his attack upon it, and held to the consequences of his attitude, that what he sought to remove as unnecessary in the case against him, is in fact so. It may not be practical to carry out this theory in the face of the statute and the decisions relating to the subject embraced in the paragraph stricken out, but it would be just, if it could be done, to do it. The defendant was, nevertheless, right on the question of the insufficiency of the complaint, and his demurrer should have been successful, with a proper allowance to the plaintiffs as to the amendment of their complaint. We think, under all the circumstances, that the order appealed from must be reversed, but we think it should be with costs only to abide the event, and with liberty to the plaintiffs to amend their complaint.

DANIELS, J., concurred.

DAVIS, P. J. :

I concur in the result. I do not see that the order striking out the averment can have any legal effect upon the demurrer to the complaint. The court cannot go behind the complaint as amended

by the order striking out certain averments, to determine whether or not, with those averments *in,* the complaint would not have been good. As demurred to it is bad, and that disposes of the demurrer. But in fixing terms upon which the plaintiff may amend, we may act upon the suggestion of the admitted fact, that the defendant by his motion had reduced the complaint to a demurrable condition. That fact should induce us to allow an amendment on easy terms, and this, I think, is within our power under the Code.

Order reversed, with costs to abide the event, and with leave to plaintiffs to amend.